UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNIKA L. TOLLIVER-CROMWELL, | |
| Plaintiff, | |
| v. | Case No. 09-cv-303-JPG |
| COMMISSIONER OF SOCIAL SECURITY, *Michael J. Astrue*, | |
| Defendant, | |
| v. | |
| SSAOGC, | |
| Interested Party. | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the Report and Recommendations ("R & R") (Doc. 19) of Magistrate Judge Clifford J. Proud, which recommends that the Court affirm the final decision of Defendant Commissioner of Social Security ("Commissioner") and find that Plaintiff Kennika Tolliver-Cromwell ("Tolliver-Cromwell") is not disabled. Tolliver-Cromwell filed an Objection (Doc. 20) to the R & R, and the Commissioner filed a Response (Doc. 22) thereto.

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a

1

new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Tolliver-Cromwell objects to the R & R on three primary grounds. First, she argues that Administrative Law Judge Robert G. O'Blennis' Residual Functional Capacity ("RFC") determination is inconsistent with the findings of any examining source and unsupported by the medical evidence. This includes his findings with respect to Tolliver-Cromwell's limitations in sitting, standing, walking, lifting, and carrying. Judge O'Blennis' RFC determination, however, need not and should not be a reiteration of one or all of the doctors' findings. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) ("The RFC assessment must be based on *all* of the relevant evidence in the case record . . . .") (emphasis in original). In considering the entire record, Judge O'Blennis ultimately determined that Tolliver-Cromwell suffered from no visual limitations, that her lifting restrictions were caused by her weight and not any back pain, that her limitations with respect to working at heights were due to her headaches, and that her social limitations were precautionary. (Tr. 23). The Court has reviewed Judge O'Blennis' decision and finds that it is properly based on all of the relevant evidence in the record. Further, like Magistrate Judge Proud, this Court agrees that Judge O'Blennis provided a through narrative discussion of the evidence that led to his conclusion as to Tolliver-Cromwell's RFC.

Next, Tolliver-Cromwell contends that Magistrate Judge Proud and Judge O'Blennis did not properly adhere to the legal standards promulgated under 20 C.F.R. § 416.927(d), which chronicles the weight that is generally given to different types of medical opinions. Of course, said regulation only serves as a *general* guide to evidentiary weight that can be rebutted by, *inter alia*, inconsistencies in the case record. Here, Judge O'Blennis justifiably gave little weight to the findings of Dr. Temporal due to the inconsistencies between his treatment notes and his physical work assessments. In addition, Judge O'Blennis reasonably relied more on the detailed treatment notes of Dr. Kinsella than his physical assessment, as the former was more consistent with Tolliver-Cromwell's recent reportage, a CT scan, and an MRI scan. There can be no question that Judge O'Blennis acted properly under 20 C.F.R. § 416.927(d).

Finally, Tolliver-Cromwell objects to the Commissioner's failure to consider new evidence in the form of a mental medical source statement by Dr. Nalagan. In order to justify remand on this basis, Tolliver-Cromwell must show that such evidence is new and material and that good cause exists for her failure to submit during the administrative process. 42 U.S.C. § 405(g) (2006). Dr. Nalagan's statement fails to meet all three of these requirements. Most notably, his statement was not new because it was not brought about by any new treatment or exam. *See Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). Moreover, Tolliver-Cromwell has not even attempted to argue good cause, likely because she mailed Dr. Nalagan's statement five weeks after he issued it. For these reasons, the Commissioner properly declined to consider Dr. Nalagan's mental medical source statement.

As a final matter, the Court notes that it has reviewed the unobjected portions of the R & R for clear error and does not find them to be clearly erroneous.

For the foregoing reasons, the Court the **ADOPTS** the R&R (Doc. 19) **in its entirety**, whereby the Court finds that Tolliver-Cromwell is not disabled.  Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: October 18, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
